# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD STOCKTON,** | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:19-CV-0742 |
| v. | : |
| | : (Judge Caputo) |
| **JOHN WETZEL, SECRETARY OF CORRECTIONS,** *et al.,* | : |
| Defendants | : |

## M E M O R A N D U M

Presently before the Court is *pro se* Plaintiff Ronald Stockton's motion to reinstate his action pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 19.) Mr. Stockton seeks reconsideration of this Court's June 28, 2019, decision dismissing his Complaint due to his failure to tender the filing fee in this matter or complete the Court's application to proceed *in forma pauperis.* (ECF No. 17.) The Court will deny Mr. Stockton's motion for the reasons stated herein.

**I.    Standard of Review**

Federal Rule of Civil Procedure "60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528-29, 125 S.Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005) as well as "inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Federal Rule of Civil Procedure 60(b) is a catch-all provision that permits a court to vacate a final

judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x. 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

**II.     Background**

On April 27, 2019, Mr. Stockton, a state prisoner housed at SCI-Houtzdale, in Houtzdale, Pennsylvania**,** filed a *pro se* civil rights action concerning an alleged use of force event that occurred on January 27, 2018.  (ECF No. 1.)  On May 3, 2019, the Court advised Mr. Stockton that he either needed to pay the $400.00 filing fee or complete and file an application to proceed *in forma pauperis*.  (ECF No. 4.)  A copy of the Court's application to proceed *in forma pauperis* was forwarded to Mr. Stockton. (ECF No. 4-1.) On May 7, 2019, Mr. Stockton filed an "*in forma pauperis* petition" which he drafted.  (ECF No. 5.)  Mr. Stockton stated he was litigating three other actions and therefore could not afford the additional garnishment of his inmate account at this time if granted *in form pauperis* status in this case.  Instead, he proposed the Court to defer any payment of filing fee in this matter until he fully satisfied his other court imposed financial obligations.  Mr. Stockton authorized prison officials to deduct the filing fees in this matter only when he completed his court fees in other matters.  ECF No. 5 at 2 ("I am only authorize for such deductions to begin after the 20% deduction for case No.

CP-51-CR-0002597-2007, as I has other court ordered obligations, and litigation pending.")

On June 4, 2019, the Court rejected Mr. Stockton's hand-written application to proceed *in forma pauperis* and again provided him with a copy of the Court's application to proceed *in forma pauperis*. (ECF Nos. 9 and 9-1.) On June 10, 2019, Mr. Stockton filed a second handwritten application to proceed *in forma pauperis*. (ECF No. 13.) Again, he conditioned his authorization allowing prison authorities to deduct the filing fee installments from his account when completed court ordered payments in his other cases.

> Petitioner only authorizes a 20% deduction if it is after Plaintiff's Court ordered obligation for case No. CP-51-CR-0002597-2007, that was in conjunction with No. CP-51-CR-0001236-2007, Phila. County.

(*Id*. at 1.)

> Plaintiff is willing to pay if the order by this court explicitly states: "That the 20% deduction starts after other court ordered obligations."

(*Id*. at 2.) As of April 29, 2019, Mr. Stockton's Inmate Account balance was $ 85.95. (ECF No. 13 at 7.)

On June 28, 2019, the Court dismissed Mr. Stockton's Complaint without prejudice after he failed to pay the filing fee or submit the appropriate forms to allow him to seek *in forma pauperis* status. (ECF No. 17.) On July 2, 2019, Mr. Stockton filed a motion to reinstate his action pursuant to Fed. R. Civ. P. 60(b). (ECF No. 19.) Mr. Stockton argues

> [he] has not declined to pay the filing fee, but merely informs the Court that it would be duly burdensome to Plaintiff to have to pay two filing fees simultaneously as Plaintiff is

>     currently paying costs for case No. CP-51-CR-0002597-2007 (Phila. County), in the amount of 20%, and an additional 20% at this time would be duly burdensome and not only [to] Plaintiff but Plaintiff's family as well as Plaintiff is without a job and would never be able to pay $350 off of funds from the DOC if he was being paid, although Plaintiff is not.

(*Id.* at 1.) On July 8, 2019, Mr. Stockton filed a notice of appeal. (ECF No. 21.)

### III.     Discussion

After repeated opportunities, Mr. Stockton failed to submit the appropriate application to proceed *in forma pauperis* and authorization in this matter, consequently the Court dismissed his case without prejudice. See *Redmond v. Gill*, 352 F.3d 801, 803-04 (3d Cir. 2003) (requiring district courts to provide an adequate opportunity to comply with a filing fee order prior to dismissing an action).

Mr. Stockton's repeated failures to complete the Court provided applications to proceed *in forma pauperis* resulted in the dismissal of his case without prejudice. The Court provided Mr. Stockton multiple opportunities to submit the correct forms, however, he elected not to do so. Rather, each handwritten and modified, application for *in forma pauperis* status Mr. Stockton submitted contained a conditional grant of future authorization for the payment of the filing fee in this matter only after he satisfied his other court ordered financial obligations. The Court is not at liberty to restructure the collection of the initial payment, or subsequent partial filing fee payments, outside of that prescribed by 28 U.S.C. § 1915(b). Pursuant to *Bruce v. Samuels*, \_\_\_\_\_ U.S. \_\_\_\_\_, \_\_\_\_\_, 136 S.Ct. 627, 632, 193 L.Ed.2d 496 (2016), the Supreme Court clarified that the *in forma pauperis* statute "calls for simultaneous, and not sequential, recoupment of

multiple filing fees" incurred by an indigent prisoner. Thus, "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued" is not only permissible. *Id*. at _____, 136 S.Ct. at 632. The Court advised Mr. Stockton that his first application was inadequate and sent him a second form to complete. He elected not to heed or comply with this Court's orders or warnings concerning his completion of the Court's application to proceed *in forma pauperis* which included and language that comports with 28 U.S.C. § 1915(b) concerning the payment of filing fees. Mr. Stockton's repeated unwillingness to accept these terms required the Court to dismiss his action without prejudice. Mr. Stockton is not prejudiced by this decision as he may refile the action should he choose to pay the filing fee or agree to the terms of the *in forma pauperis* provisions regarding the installment payment method outlined in 28 U.S.C. § 1915(b).

**IV.  Conclusion**

Based on the above, Mr. Stockton is not entitled to relief under Fed. R. Civ. P. 60(b).

An appropriate order follows.

    /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Dated:  July 23, 2019**